UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENISE MCLEAN and CAMILLE
LEE, Co-Personal Representatives
of the Estate of Clifton Lee, Jr.,
Deceased,

        CIVIL ACTION NO. 06-15186

   Plaintiffs,

        DISTRICT JUDGE JULIAN ABELE COOK

v.

        MAGISTRATE JUDGE DONALD A. SCHEER

COUNTY OF WASHTENAW, et al.,

   Defendants.
_____/

## ORDER

This matter is before the magistrate judge on Plaintiffs' Motion for Leave to Schedule an Evidentiary Hearing Concerning Wrongful Death Proceeds, for Leave to Pay Collected Proceeds to Court Clerk and for Leave for the Law Firm of Fieger, Fieger, Kenney, Johnson and Giroux, P.C. to Withdraw as Counsel. Plaintiff Camille Lee filed an Answer in Opposition to the Motion. Also before the court is the Motion of Shavonna Marie Gardner to Withhold Distribution Until Determination of Her Status as Decedent's Heir. All interested parties appeared for hearing on April 24, 2008. Having reviewed the motions, and having had the benefit of oral argument, I find that both motions should be denied.

Plaintiffs filed this action as Co-Personal Representatives of the estate of Clifton Lee, Jr. Their Amended Complaint, filed April 17, 2007, consists of two counts. Each asserts a claim for violation of the decedent's civil rights pursuant to 42 U.S.C. §1983. In due course, the parties negotiated a settlement, and a Motion for Disbursement of Funds and For Approval of the Settlement was filed on January 9, 2008. The motion was referred

to the undersigned magistrate judge by Order of Reference on January 28, 2008. On February 6, 2008, the parties executed a Consent to the Magistrate Judge's Exercise of Authority. A hearing on the motion was held on February 7, 2008.

The Motion to Approve Settlement and Disbursement of Proceeds of Wrongful Death Case was filed jointly by the Plaintiffs, despite the fact that each was represented by separate counsel. The brief in support of the motion relied upon MCLA 600.2922(5). That section of the Michigan Wrongful Death Act provides for a hearing at which the court may approve or reject a proposed settlement. The Michigan Wrongful Death Act further provides for a determination as to the apportionment of the settlement among the decedent's survivors and his estate. In a conference with counsel immediately preceding the February 7, 2008 hearing, the court informed counsel for all parties that it would not undertake the apportionment of proceeds pursuant to MCLA 600.2122(6)(d) because no claim in this action is premised upon the Michigan Wrongful Death Act. Having been so informed, the parties unanimously elected to proceed with the presentation of the settlement, with the proceeds thereof to be paid to Plaintiffs as the Personal Representatives of the deceased. On February 15, 2008, the court entered a Stipulated Order Dismissing the Case with Prejudice.

Less than one month after electing to proceed with the settlement without a court ordered apportionment of the proceeds, counsel for Plaintiff McLean filed the instant motion. Six days later, on March 10, 2008, Co-Plaintiff Lee filed an Answer in opposition to the motion. The opposition closely tracks the position taken by the magistrate judge prior to the February 7, 2008 hearing, that is, that no claim under the Michigan Wrongful Death Act was filed in this action. A §1983 claim and a Michigan Wrongful Death Act

2

action are distinct and distinguishable, and I am satisfied that the payment of settlement proceeds to the personal representatives of a deceased victim of a §1983 federal civil rights violation is the appropriate course where no independent cause of action is asserted under state law.

A cause of action under §1983 is personal to the injured party. Jaco v. Bloechle, 739 F.2d 239 (6th Cir. 1984). Our circuit court of appeals has held that MCL 600.2922 "clearly provides not that death creates a cause of action, but that death does not extinguish an otherwise valid cause of action." Chomic v. United States, 377 F.3d 607, 611 (6th Cir. 2004). The cause of action is a derivative one whereby the personal representative of the deceased "stands in the latter's shoes." Id. Based upon the foregoing authority, I am satisfied that these Plaintiffs, as personal representatives of Clifton Lee, Jr., deceased, had standing to assert the claim of their decedent, under §1983, for the violation of his federal civil rights. While I am satisfied that a concurrent claim under the Michigan Wrongful Death Act could have been asserted in this action, no such claim has been stated. Under the state statute, the court would have been obligated to apportion the settlement among the decedent's survivors, resolving any disputed claims of entitlement. Because an action under §1983 is personal to the injured party, however, it would be inconsistent to allow Plaintiffs, or decedent's heirs, to recover damages for their own losses through the application of state law provisions. "Since federal law restricts the type of action that may be brought to a personal cause of action, a decedent's survivors may not recover for their own damages under §1983." Alexander v. Beale Street Blues Company, Inc., 108 F.Supp. 2nd 934, 953 (W.D. Tenn. 1999).

Under the circumstances presented in this case, I conclude that Plaintiffs, as Personal Representatives of Clifton Lee, Jr., deceased, should receive the proceeds of the settlement as an asset of the estate of the decedent, and should disburse the same in accordance with the dictates of state law under the supervision of the Probate Court for the County of Washtenaw, in Case No. PRP-06-557-DE.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion for Leave to Schedule an Evidentiary Hearing Concerning Wrongful Death Proceeds, for Leave to Pay Collected Proceeds to the Court Clerk and for Leave for the Law Firm of Fieger, Fieger, Kenney, Johnson and Giroux, P.C. to Withdraw as Counsel, is in all respects denied.

In view of the foregoing, I find that the Motion to Withhold Distribution Until Determination of Her Status as Decedent's Heir, filed by Shavonna Marie Gardner, is not properly before this court. Any challenge to the distribution of the decedent's estate should be addressed to the Probate Court of Washtenaw County. IT IS THEREFORE ORDERED that the Motion to Withhold Distribution Until Determination of Her Status as Decedent's Heir is in all respects denied.

                                         s/Donald A. Scheer
                                         DONALD A. SCHEER
                                         UNITED STATES MAGISTRATE JUDGE

DATED: May 6, 2008

---

**CERTIFICATE OF SERVICE**

I hereby certify on May 6, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 6, 2008. **None.**

                                         s/Michael E. Lang
                                         Deputy Clerk to
                                         Magistrate Judge Donald A. Scheer
                                         (313) 234-5217