UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JENISE McLEAN and CAMILLE LEE, co-personal
representatives of the ESTATE OF CLIFTON LEE,
JR., deceased,

        Plaintiff,

v.

WASHTENAW COUNTY, AARON HENDRICKS,
CHRISTOPHER CAMPBELL, THOMAS
GUYNES, MICHAEL MAHALIK, JEFFREY
HANKAMP, and JOSEPH EBERLE,

        Defendants.

Case number 06-15186

Honorable Julian Abele Cook, Jr.


## ORDER

This is a case in which the Plaintiffs, Jenise McLean and Camille Lee, have accused the Defendants (Washtenaw County, Aaron Hendricks, Christopher Campbell, Thomas Guynes, Michael Mahalik, Joseph Eberle and Jeffrey Hankamp) of violating the civil rights of their deceased father, Clifton Lee, Jr. for whose estate they serve as its personal representatives.

On January 9, 2008, McLean and Lee filed a motion, in which they collectively seek the approval of a settlement that had been agreed upon by all of the parties to this litigation. Their brief, which was submitted in support of the motion, relied upon the Michigan Wrongful Death Act, Mich. Comp. Laws §600.2922(5)(1961) that provides for a hearing during which a court of competent jurisdiction may approve or reject a proposed settlement. During a conference with the counsel for the parties immediately preceding a scheduled hearing on February 7, 2008,

Magistrate Judge Donald Scheer, to whom this motion had been submitted, informed them that he would not apportion the proceeds pursuant to Mich. Comp. Laws Ann. 600.2122(6)(d) because no claim in this action was premised upon the Michigan Wrongful Death Act. Thereafter, the parties agreed to proceed with the presentation of the settlement. On February 15, 2008, the Court entered an order, to which all of the parties agreed, which dismissed the case with prejudice.

Less than a month later, on March 4, 2008, McLean filed a motion, seeking to obtain an evidentiary hearing that would address the wrongful death proceeds. However, her fellow estate representative, Lee, filed a response in opposition to the motion.[1] The matter was once again submitted to Magistrate Judge Scheer for his evaluation. On May 6th, he issued an order which denied McLean's motion. Several days later, (May 14th), McLean filed an objection to his decision. On June 13th, the Court affirmed the ruling by Magistrate Judge Scheer and, in doing so, rejected her objection. Ten days later, McLean filed a motion, in which she asked the Court to reconsider its June 13th order.

In order to evaluate McLean's request, the Court must look to its Local Rules for guidance. According to E.D. Mich. LR 7.1(g), there are two prerequisites that an aggrieved party must establish prior to having its request for reconsideration favorably evaluated by this Court; namely, (1) the motion must have been filed in a timely manner,[2] and (2) the applicant

---

[1] McLean and Lee are represented by separate counsel.

[2] "A motion for . . . reconsideration must be filed within 10 days after entry of the . . . order." E.D.Mich. LR 7.1(g)(1).

must satisfy certain minimum standards for review.[3] McLean has satisfied the first prong of her procedural obligation, as her motion for reconsideration was filed on the tenth business day after issuance of the order in question. With regard to the second prong, McLean contends that the Court made a palpable error when it stated:

> [T]he Sixth Circuit Court of Appeals has consistently held that a wrongful death cause of action is separate and distinct from a 42 U.S.C. § 1983 cause of action. *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir. 1984); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974). As Magistrate Scheer explained in his May 6th order, the Plaintiffs in this case, as personal representatives of Clifton Lee, Jr., have standing to assert a violation of his civil rights. While a concurrent claim under the Michigan Wrongful Death Act *could* have been asserted, it was not, and McLean is unable to avail herself of a wrongful death action now.

McLean now asserts that she is not attempting to advance her concerns in a wrongful death action. Rather, she submits this is merely a request that the Court, through the process of a hearing, authorize the distribution of the settlement proceeds according to the Wrongful Death Act of Michigan rather than through a probate court. Moreover, it is her belief that the summarization of her original position (as set forth above) is incorrect, in that a settlement from a Section 1983 lawsuit - such as this case - must be distributed in accordance with the Michigan Wrongful Death Act.

Inasmuch as Section 1983 is "deficient in the provisions necessary to furnish suitable remedies," 29 U.S.C. § 1988 mandates that the common law of Michigan should be utilized to determine applicable distribution of damages. However, in Michigan, there is no common-law

---

[3]"Generally, and without restricting the court's discretion, the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g)(3).

right to recover damages for a wrongfully caused death, *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 599 (6th Cir. 2006) and so we must look to the Michigan Wrongful Death Act, as McLean suggests. Speaking to the issue of damages, this Michigan statute reads, in pertinent part, that:

> [T]he proceeds of a settlement or judgment in an action for damages for wrongful death shall be distributed as follows:
> (a)    The personal representative shall file with the court a motion for authority to distribute the proceeds. Upon the filing of the motion, the court shall order a hearing.

Mich. Comp. Laws 600.2922(6).

However, the Court finds that it must deny McLean's request for reconsideration. In his order which denied her motion at issue, Judge Magistrate Scheer stated:

> In a conference with counsel immediately preceding the February 7, 2008 hearing, the court informed counsel for all parties that it would not undertake apportionment of proceeds pursuant to MCLA 600.2122(6)(d) because no claim in this action is premised upon the Michigan Wrongful Death Act. Having been so informed, the parties unanimously elected to proceed with the presentation of the settlement, with the proceeds thereof to be paid to Plaintiffs as the Personal Representatives of the deceased. On February 15, 2008, the Court entered a Stipulated Order Dismissing the Case with Prejudice.

(May 6, 2008 Order at 2.)

McLean does not suggest - at any point - that the statement quoted above from Magistrate Scheer's order is incorrect. By going forward with the settlement after being informed by Magistrate Scheer that he would not distribute the proceeds under the Michigan Wrongful Death Act, McLean knowingly waived her right to request this hearing. In addition, the Court notes that the other Plaintiff in this matter has expressed her opposition to McLean's request for an evidentiary hearing. Granting McLean's motion would undoubtedly adversely affect the interests of all of the other parties who had agreed to the settlement arrangement after being informed by the

magistrate judge that the proceeds would not be distributed under the Michigan Wrongful Death Act.

Thus, correcting the defect in the June 14th order would not result in a different disposition of the case. However, McLean is correct when she points out that the Court misstated her request. The Court, now having been apprised of McLean's position as well as the legal authority which supports her position,[4] determines that this corrected version of her position does not result in a different outcome. McLean has waived her right to the distribution of the proceeds under Michigan's Wrongful Death Act when she agreed to the settlement, *after* being explicitly informed by Magistrate Scheer about the distribution of the proceeds.

Accordingly, the Court must, and does, deny McLean's motion for reconsideration for the reasons that have been set forth above.

IT IS SO ORDERED.

Dated: September 5, 2008          s/ Julian Abele Cook, Jr.
     Detroit, Michigan          JULIAN ABELE COOK, JR.
                                              United States District Court Judge

---

[4] The Court notes that McLean has failed to provide the Court with any legal authority in its first motion (filed March 4th) or in its objection to the magistrate judge's order (filed May 14th). The Court found her objection to the order from Magistrate Judge Scheer order to have been completely deficient and lacking in any legal authority.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 5, 2008.

s/ Kay Alford
Case Manager
